PHINEAS B. WARNER, and others, *vs.* N. JOHNSON CUSHMAN.

Oxford.    Opinion December 11, 1889.

*Deed.    Grant of water.    Mill.    Water rights.    Measure of use.*

Where a grantor, owning all the water power on both sides of a stream, conveyed the saw mill thereon, "with the right of use of all water not necessary in driving the wheel, or its equal, now used to carry the machinery in the shingle mill,—meaning to convey a right to all the surplus of water not required for the shingle mill or other equal machinery,"—and it appeared that, at the time of the conveyance, the shingle mill contained various other machinery beside the shingle machine; *Held,* that the parties thereby fixed the measure of the water not conveyed, and that its use was not confined to the specific purpose of driving the shingle machine.

*Held,* also, that the owner of the shingle mill might lawfully put into it a board saw, and use the same, provided the wheel used for propelling it consumed no more water than was previously used, even if the owner of the saw mill thereby lost all his patrons.

ON REPORT.

This was an action on the case for the diversion and appropriation of water from the plaintiffs' saw mill.

(Declaration.)

In a plea of the case; for that whereas the said plaintiffs on the twenty-eighth day of February, A. D. 1868, and ever since

that time have been and still are seized in their demesne as of fee of a saw mill and privilege and its appurtenances together with the exclusive right of water except what was needed to carry "a shingle mill, then used upon said privilege, or other equal machinery," situated on the lower dam at North Paris, and had the right of use of said water for said saw mill and the sole right and privilege of serving the inhabitants of said North Paris in sawing their lumber and for using said water for any and all purposes, subject only to the limitation aforesaid, for their own profit and income, till the plaintiffs were disturbed and hindered therein by said defendant, and they ought now to hold said mill with the privileges aforesaid freely and undisturbed. Yet the said defendant in no wise ignorant of the premises, but intending and contriving maliciously, to disturb the plaintiffs, and to deprive them of the income, profit and benefit of their said mill, with the privileges and appurtenances aforesaid, did on the first day of March, 1884, put into said shingle mill building, then standing upon said dam, a circular board saw, a planing machine, a threshing machine, and a tub-machine, and from said time has continued to operate said machinery and to draw the water of said plaintiffs and to saw and manufacture, without right or license, all kinds of lumber which of right belonged to said plaintiffs to do, and which their said mill could and otherwise would have done but for the aforesaid wrongful acts of said defendant, and by which the mill of said plaintiffs has been greatly injured; and for all that time they have been deprived of the profits and income of said mill, which they ought and otherwise would have had, and that their said mill and privilege and appurtenances have become of little or no value to said plaintiffs.

Whereby an action hath accrued to them to have and recover of said defendant, the damages occasioned as aforesaid by him, and which they say is the sum of   *   *   *

The facts are stated in the opinion.

*J. P. Swasey, C. B. Benson,* with him, for plaintiffs.

Any change, either in the wheel or machinery, which increases the use or consumption of the water, is an infringement upon plaintiffs' rights. Defendant liable if no actual damage sus-

tained. *Butman* v. *Hussey*, 12 Maine, 407; *Munroe* v. *Stickney*, 48 Id. 462; *Hatch* v. *Dwight*, 17 Mass. 289. An infringement, which by repetition might ripen into an easement, is a sufficient cause of action. Angell, Water Courses, § 150, and cases cited. The limitation upon the water power, retained by the defendant's grantors, is fixed, by the deed, in two ways: First, by the amount of water necessary in driving the wheel then used, or its equal; second, by what water was then required for the shingle mill, or what machinery was then in the shingle mill, or "other equal machinery."

*J. S. Wright*, for defendant.

Upon the construction of the deed, counsel cited: *Blake* v. *Madigan*, 65 Maine, 522, 529, 530; *Davis* v. *Muncey*, 38 Id. 90, 93, 94; *Garland* v. *Hodsdon*, 46 Id. 511; *Hines* v. *Robinson*, 57 Id. 324; *Wyman* v. *Farrar*, 35 Id. 64, 71; *Ashley* v. *Pease*, 18 Pick. 268; *Tourtellot* v. *Phelps*, 4 Gray, 370.

The term "shingle mill" had reference to the whole building and machinery, and not to the shingle machine. The words "or other equal machinery" carry the right to use all water necessary to carry the mill, and the reference to the mill, indicates simply the quantity of water power to be conveyed, or rather to be retained. One building was called a saw mill, the other a shingle mill; and the last named was to have the first right to the water. Defendant is not to be confined to the running of the old fashioned shingle bolter then in use, or to the particular machinery then in the mill, but had the right to run any kind of machinery which did not consume any more water. "Other equal machinery" means the right to run a board saw or any other machinery which does not require any greater amount of water than the old wooden center-vent wheel consumed. With modern turbine improved wheels better results are accomplished, with more power and less consumption of water. Defendant had the right to an equal amount of water that the old wheel would vent; to run as much machinery as could be run by means of improved wheels which would not consume any more water.

Damages: Plaintiffs can only recover from the time they re-purchased of Ellingwood, because if there was any right of

action prior to that time it was in the mortgagor and not in plaintiffs. *Hatch* v. *Dwight,* 17 Mass. 289, 298.

If defendant has used any more water than he had the right to do, plaintiffs' mill was not affected thereby, and at the most only nominal damages can be awarded. *Munroe* v. *Gates,* 48 Maine, 463. Special damages must be alleged. *Plimpton* v. *Gardiner,* 64 Maine, 360.

The plaintiffs do not complain or allege damages for a wrongful use of water, which has deprived them of their right to the water, but for usurpation of business. Under the plaintiffs' declaration, we submit whether they can recover any damages;—those complained of not being recoverable, being too remote, contingent and indefinite to become an element of damages.

VIRGIN, J. On February 25, 1868, one Bartlett and one Chase owned and occupied the entire water privilege on the lower dam across the small stream at North Paris. On the north end of the dam was a saw mill and on the south end was a shingle mill which contained a shingle machine, bolting saw, splitting saw, planer and threshing machine with one water wheel.

On the above date Bartlett & Chase conveyed the saw mill to Warner (one of the plaintiffs) "with the right of use of all the water not necessary in driving the wheel, or its equal, now used to carry the machinery in the shingle mill,—meaning to convey a right to all the surplus of water not required for the shingle mill or other equal machinery."

By subsequent conveyances the plaintiffs obtained the title to the saw mill and its rights and privileges and the defendants the shingle mill and its rights and privileges,—the plaintiff Warner testifying that the whole plant, including the various kinds of machinery in it, was called the shingle mill.

The action is case by the owner of the saw mill, and the decision of the controversy depends upon the construction of the clause in the deed. On recurring to the unambiguous language there used, we entertain no manner of doubt that the parties did not thereby intend to restrict and confine the use of the water to the specific purposes of driving a shingle machine; but rather to fix the measure of the quantity of the water to be used by that

mill called the "shingle mill." The words, "necessary in driving the wheel, or its equal, now used to carry the machinery in the shingle mill," remove all possible doubt on this point when considered in connection with the fact that the "shingle mill" plant included various kinds of machinery in addition to that used for the manufacture of shingles. We think, therefore, that the defendants have an absolute and prior right to the use of the quantity of water necessary in driving "the wheel or its equal now [then] used to carry the machinery [then] in the shingle mill," to·be used by them for any purpose to which they might deem it for their interests to appropriate it. *Wyman* v. *Farrar,* 35 Maine, 64; *Davis* v. *Muncey,* 38 Maine, 90; *Deshon* v. *Porter,* 38 Maine, 289; *Garland* v. *Hodsdon,* 46 Maine, 511, 515; *Covel* v. *Hart,* 56 Maine, 518; *Hines* v. *Robinson,* 57 Maine, 324, 333, and cases there cited. *Blake* v. *Madigan,* 65 Maine, 522, 529.

If the defendants, with their new iron wheel consumed more water than did the old five feet center-vent wooden wheel with its one hundred and seventy inches of water, to the injury of the plaintiffs, then the defendants must respond in damages.

The defendants put in an iron turbine wheel, set it two feet lower than the old one, thus obtaining two feet more head. They also substituted a new shingle machine for the old one and added a circular saw for sawing·boards and a tub-machine,—all driven by the new wheel, but not all at the same time. On the issue of fact whether or not the new wheel consumes more water than the old, the testimony was somewhat conflicting; but the overwhelming weight of it was in favor of the defendants. Outside of the theoretical views of experts, absolute trial showed that the old spout drew down the water in the reservoir an half hour quicker than the new one used in driving the new wheel.

The burden of the plaintiffs' complaint is, that since the defendants added their saw for manufacturing boards, the plaintiffs have had no patronage for sawing boards, for their customers have gone to the defendant's mill. But if the defendant, as already seen, had the lawful right to add the board saw to his mill and to operate it so long as he used and consumed only his legal quantity of water, then although the plaintiffs lost

their former patronage, it is *damnum absque injuriâ*,—a loss to which all competitors in the same kind of business are subject to, but not a legal injury for which an action will lie. It is only another instance whereby the old mode of doing business has succumbed to modern improvements.

*Judgment for the defendants.*

PETERS, C. J., WALTON, EMERY, FOSTER and HASKELL, JJ., concurred.